Gary **FRICTON**, Plaintiff,

v.

**OCONTO COUNTY ASCS, USDA, and James Lukas, Defendants.**

**Civ. A. No. 89–C–1081.**

United States District Court, E.D. Wisconsin.

Nov. 6, 1989.

Gary Fricton, pro se.

Steven Biskupic, Asst. U.S. Atty., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### FACTS

On August 17, 1989, Gary Fricton ("Fricton"), proceeding pro se, commenced a breach of contract claim against the above-named defendants in the Small Claims Branch of the Circuit Court of Oconto County, Wisconsin. Fricton claimed that he had entered into an agreement with the United States Department of Agriculture ("USDA") under the Dairy Termination Program where he agreed not to produce milk, milk products, and milk producing animals in return for payments from the USDA. Fricton alleged that the executive director of the Oconto County Agriculture Stabilization and Conservation Service ("ASCS"), James Lukas ("Lukas"), wrongfully withheld $2,095.34 due to him under the agreement because Fricton was undergoing foreclosure on his farm.

On September 1, 1989, the defendants removed Fricton's claim to this court. Removal was proper pursuant to Title 28 U.S.C. § 1441(e) because this court has jurisdiction over Fricton's complaint pursuant to 28 U.S.C. § 1346(a)(2) which grants federal district courts original jurisdiction over civil actions or claims against the United States that do not exceed $10,000.

On September 26, 1989, the defendants moved this court to dismiss Fricton's claim on three grounds: (1) Fricton improperly served the defendants, (2) this court lacks subject matter jurisdiction to hear Fricton's claim, and (3) Fricton has failed to name the proper party as a defendant. In addition, the USDA moved this court to dismiss Fricton's claim against it on the ground that it is a nonsuable government agency. Although Fricton has not responded to the defendants motion, this court denies ASCS and Lukas' motion on all three grounds, and grants the USDA's motion because the USDA is a nonsuable government agency.

### DISCUSSION

#### I. SERVICE OF PROCESS

All of the defendants are represented by the United States Attorney for the Eastern District of Wisconsin, and each claims that they were improperly served with a copy of the summons and complaint. The Oconto County ASCS and the USDA claim Fricton did not send a copy of the summons and complaint by registered mail to both the United States Attorney for the district in which his action was brought and to the Attorney General of the United States in Washington, D.C., as required by Fed.R. Civ.P. 4(d)(4). In addition, defendant Lukas claims he was not properly served in his official capacity under Rule 4(d)(5) or in his individual capacity under Rule 4(d)(1).

Fricton, however, did serve a copy of the summons and complaint on Oconto County on August 17, 1989, in accordance with the Wisconsin statutes governing service of process in small claims disputes, Wis.Stat. §§ 799.05 and 799.12 (1989). This service satisfied the requirements for service of process on defendant Oconto County ASCS as long as ASCS is a county, versus feder-

al, governmental organization.[1] Rule 4(d)(6) of the Federal Rules of Civil Procedure states that service can occur:

> Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint *in the manner prescribed by the law of that state* for the service of summons or other like process upon any such defendant.

(emphasis added).

■ The service, however, does not satisfy the requirements of Fed.R.Civ.P. 4(d)(4) for serving the USDA or Lukas. This court, therefore, could dismiss Fricton's claim against these two defendants for improper service. This question, however, is moot for the USDA because Fricton's claim against it is dismissed on other grounds. If, however, dismissal of the claim against Lukas were ordered because service was improper, then justice would require that Fricton, as a pro se plaintiff, be given the opportunity to serve Lukas properly and to move this court to vacate the order of dismissal. In addition, justice also would require this court to explain to Fricton how to serve Lukas. Thus, in essence, a dismissal order would merely postpone this court from hearing and deciding the substantive issue of whether or not Fricton is entitled to $2,095.34 from Lukas.

This court prefers whenever possible to hear and decide a controversy on the substantive issues, especially when a pro se plaintiff is involved. The primary objective of requiring a plaintiff under Fed.R.Civ.P. 4 to serve the defendant with a summons and a copy of the complaint is to inform the defendant that a claim has been commenced against him. Thus, this court agrees with the position that:

> The general attitude of the federal courts is that the provision of Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on it own facts within the limits of the flexibility provided by the rule itself. This is consistent with the modern conception of service of process as primarily a notice-giving device.

Wright & Miller, Federal Practice and Procedure: Civil 2d § 1083 (1989) (footnotes omitted). Moreover, this court believes that a liberal construction of Rule 4 should occur when the plaintiff is proceeding pro se and the defendant is the United States. Thus, because Fricton immediately served a summons and a copy of the complaint on Oconto County and this service had the effect of fully informing each of the defendants of the pending claim against them, defendants' motion to dismiss for improper service is denied.

## II. SUBJECT MATTER JURISDICTION

■ Defendants have moved this court to dismiss Fricton's claim on the ground that this court does not have subject matter jurisdiction over the claim because the removal from state court was improper. This court finds this argument ironic because it is being made by the party who removed the case. More importantly, however, the argument is wrong as a matter of law. Essentially, the defendants argue that this court does not have jurisdiction over Fricton's claim because removal jurisdiction is purely derivative and the Oconto County state court never had subject matter jurisdiction over Fricton's claim. This court need not decide whether or not the state court had jurisdiction over Fricton's claim because 28 U.S.C. § 1441(e) definitively states that removal jurisdiction does *not* derive from the state court having jurisdiction:

> The court to which such civil action is removed is *not precluded* from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over the claim.

---

1. The status of Oconto County ASCS is not clear to this court. Although ASCS appears to be a county organization, the fact that the United States Attorney for the Eastern District of Wisconsin is representing both it and its executive director, Lukas, implies that it is a federal government organization.

(emphasis added). Thus, this court has subject matter jurisdiction over Fricton's claim pursuant to 28 U.S.C. § 1346(a)(2) regardless of whether or not the Oconto County state court had subject matter jurisdiction.

## III. THE PROPER DEFENDANT

The defendants also claim that Fricton has not named the proper federal government agency as a defendant and that the USDA is not a suable government agency. They assert that the Commodity Credit Corporation is the real party in interest because it is the federal governmental entity that entered into the Dairy Termination Program. The defendants, however, have not submitted a copy of the agreement in question nor any affidavits to support their claim that none of them is a party to the agreement.

■ This court, however, recognizes that the USDA cannot be sued under that name for contractual damages and that the Commodity Credit Corporation probably is the correct defendant. The Seventh Circuit has held that:

> Without explicit authority, or unless the agency is the offspring of a suable entity, an agency of the federal government cannot be sued *eo nomine* [under that name] for damages.

*Commodity Futures Trading Comm'n v. Hunt*, 591 F.2d 1211, 1224 (7th Cir.1979). Thus, because there is no explicit congressional authority permitting a party to sue the USDA, Fricton's claim against the USDA is dismissed. *Conyugal Partnership v. Gracia*, 331 F.Supp. 521, 522 (D.P.R.1971).

Title 15 U.S.C. § 714b.(c), however, provides that the Commodity Credit Corporation:

> May sue *and be sued*, but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Corporation or its property. The district courts of the United States, including the district courts [of the District of Columbia and] of any territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy, ....

(1989) (emphasis added). Thus, once the proper documentation is submitted to this court to support defendants' claim that the agreement was between Fricton and the Commodity Credit Corporation, Fricton's claim against Oconto ASCS and Lukas will probably be dismissed because the Commodity Credit Corporation will be the real party in interest.

Federal Rule of Civil Procedure 15(a) states that a court should allow a party to amend his complaint "when justice so requires." The current dismissal of Fricton's claim against the USDA and the possible future dismissal of his claim against the Oconto County ASCS and Lukas does not address the substantive question of whether or not Fricton is owed $2,095.34 by the United States. Thus, justice requires this court to permit Fricton to amend his complaint to include the Commodity Credit Corporation as a defendant.

IT IS THEREFORE ORDERED that the Oconto County Agriculture Stabilization and Conservation Service and James Lukas' motion to dismiss on the grounds (1) that service of process was improper, (2) that this court lacks subject matter jurisdiction, and (3) that the defendants are not the proper parties of interest is denied.

IT IS FURTHER ORDERED that the United States Department of Agriculture's motion to dismiss on the grounds that the USDA is a nonsuable government agency is granted.

IT IS FURTHER ORDERED that Fricton is permitted to amend his complaint to include Commodity Credit Corporation as a defendant. Fricton can amend his complaint by submitting to this court on or before December 15, 1989, a completed version of the attached Eastern District of Wisconsin civil rights complaint form. A copy of this attached form should also be sent to the United States Attorneys' Office in the Eastern District of Wisconsin.